JUDGE PETERS
delivered the opinion op/the court.
It seems from tire bill of exceptions in this case that the court sua sponte gave the following instructions to the j ury:
1. The court instructs the jury that in so far as defendant’s answer set out the terms of the contract between the plaintiffs and defendant not being specifically denied in the reply, the jury must take them as true.
2. That in so far as the answer states acts done by defendant in performance of said contract, they must for the same reason be taken as true.
3. That in so far as the answer alleges acts which plaintiffs failed to do in performance of their contract, they must be taken as true.
"Whether material facts alleged in the answer, which was made a cross-petition, were specifically denied or not in the reply, and the allegations of acts done by defendant in performance of his contract, and acts to be performed by plaintiffs, had or not been controverted in the reply, were questions of law to be determined by the court.
In Tipton v. Triplett, 1 Metcalfe, 570, this court said: The court should determine not only what allegations are material, but also whether or not such material allegations have been specifically controverted, and inform the jury what facts are to be considered as true under the pleadings in the action.
These instructions were calculated to mislead if not confuse the jury, and devolve on them the consideration of questions of pleadings, such as what is the cause of action stated, and the nature of the defense.
For the error in the instructions therefore the judgment is reversed, and the cause remanded, with directions *192 to set aside tbe verdict, and award to appellants a new trial, and for further proceedings consistent herewith. If appellants offer to file an amended reply in reasonable time they should he permitted to do so.